1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,

11              Plaintiff,                    No. CR S-06-0078 WBS

12         vs.

13    CALVIN MITCHELL,

14              Defendant.                    <u>ORDER</u>

15    _____/

16              This case was on calendar on June 28, 2007, for a hearing on defendant's motion

17    for discovery.  Dina Santos, Esq., appeared for the defendant, who was present in custody; Philip

18    A. Ferrari, Assistant United States Attorney, appeared for the government.

19         A.  <u>Tests And Grand Jury Material</u>

20              Defendant is charged in a superseding indictment in a single count with

21    distributing a substance containing a detectable amount of cocaine base, to wit, crack cocaine.

22    The original indictment charged defendant with distributing a substance containing a detectable

23    amount of cocaine base.  The defense seeks the results of tests and any other material, whether

24    tests or testimony, submitted to the grand jury that returned the superseding indictment.

25    /////

26

1

1    Mr. Ferrari represented that the government has provided copies of the original

2   tests, including the chemist's notes.  He also noted that, after the grand jury returned the

3   superseding indictment, the chemist conducted additional tests and agreed that when he has the

4   results he will provide a copy to Ms. Santos.

5    The defense has not, however, made a sufficient showing of particularized need to

6   obtain evidence presented to the grand jury.  Douglas Oil Co. v. Petrol Stops, 441 U.S. 211, 222,

7   223-224 (1979); Fed. R. Cr. P. 6(e).

8    B.   Information About The Confidential Informant

9    According to the papers filed in this case, a confidential informant arranged the

10   contact with the defendant, which resulted in agents recovering the substance containing cocaine

11   base.  Again according to the papers filed in this case, the confidential informant was terminated

12   by the FBI after he failed a polygraph test exploring whether he was engaging in criminal

13   activity; this test was conducted after the informant had completed the work in this case.   The

14   government represents that the informant will not be called as a witness in this case; at the

15   hearing, the parties agreed that the informant is avoiding the authorities.

16    The defense seeks the written agreement between the government and the

17   informant and information on the act that caused the government to terminate its relationship

18   with the informant.

19    Mr. Ferrari believes the written agreement is in files recently given to the FBI; he

20   will provide a copy to Ms. Santos when it is located.  Ms. Santos is directed not to make copies

21   of the agreement or otherwise circulate it.

22    In light of Mr. Ferrari's representations concerning the reasons the informant was

23   "fired" by the FBI and in light of the fact that, at this time, the informant will not be a witness,

24   the court will not order disclosure of the information that prompted the termination of the

25   relationship.  This is without prejudice to renewal if circumstances change.

26

1      C.  <u>Release Of The Tape For Defense Testing</u>

2         Because of unresolved questions, the court permits the parties to submit

3 declarations from experts on the tests the defense proposes to run on the tape of the telephone

4 call between defendant and the informant, plus any additional argument, limited to five pages for

5 the opening and closing submissions, and two pages for any reply. The defense declaration and

6 argument is due no later than July 6; the government's declaration and argument, no later than

7 July 13; and any reply, no later than July 18.

8         IT IS SO ORDERED.

9 DATED: June 28, 2007.

U.S. MAGISTRATE JUDGE