UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:06-cr-00078-WBS-KJN |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALVIN MITCHELL, | |
| Movant. | |

I. Introduction

Movant is a federal prisoner, proceeding through counsel, with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 2008 conviction for distributing at least 5 grams of cocaine base (21 U.S.C. § 841(a)(1)). He is currently serving a total sentence of 188 months.

In his motion, movant challenges his convictions on the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), arguing he no longer qualifies as a career offender because his prior conviction for assault is not a "crime of violence." (ECF Nos. 103 & 112.) For the reasons stated herein, the undersigned recommends that movant's motion be denied.

////

////

////

1

II. Brief Factual and Procedural Background[1]

> On May 12, 2004, in Stockton, California, law enforcement staged a controlled buy of crack cocaine from the defendant Calvin Mitchell. More specifically, on that date, a confidential informant (CI) made a recorded telephone call to Mitchell regarding the purchase of four ounces of crack cocaine from him later that day. That afternoon, the CI and his/her vehicle was searched for narcotics with negative results, and the CI was equipped with a recording device. While under law enforcement surveillance, the CI then engaged in subsequent calls with Mitchell during which they settled upon a location for the sale. The CI proceeded to that location, as did the undercover officer (UC) in a separate vehicle, posing as the CI's customer. The CI met with Mitchell, and then walked over to the UC's car where he/she was provided with buy money provided by the government. The CI took the funds and both he/she and Mitchell entered the CI's vehicle. Inside, the CI gave Mitchell the funds and Mitchell provided the CI with approximately four ounces of suspected crack cocaine.
>
> They both exited the vehicle, and the CI went to the UC's vehicle and placed the suspected crack cocaine inside. The UC then drove away from the location. Still under surveillance, the CI met again with Mitchell and then returned to his/her vehicle and left the scene. The CI immediately met with law enforcement, who recovered the recording device and again searched the CI and the CI's vehicle with negative results for contraband.
>
> The suspected crack cocaine was an off-white substance in a lumpy, rock-like form. It was provided to the DEA laboratory for analysis and found to consist of 107.9 grams of a mixture and substance containing cocaine base. Analysis also determined that the substance contained sodium bicarbonate. The defendant admits that the substance he provided to the CI was the form of cocaine base intended for ingestion by smoking and commonly known as "crack cocaine."

In a March 2, 2006 indictment, movant was specifically alleged to have knowingly and intentionally distributed at least 50 grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). It was further alleged that movant had been previously convicted of two prior drug offenses in violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(B). (ECF No. 11.) On that same date, movant entered a not guilty plea. (ECF No. 13.)

In a superseding indictment filed May 10, 2007, movant was specifically alleged to have knowingly and intentionally distributed at least 50 grams of a mixture and substance containing a

---

[1] This summary of facts is taken from Exhibit A to the Presentence Report filed February 29, 2008. (ECF No. 86 at 10.)

2

detectable amount of cocaine base, to wit: crack cocaine, in violation of 21 U.S.C. § 841(a)(1). It was further alleged that movant had been previously convicted of two prior drug offenses in violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(A)(iii). (ECF No. 41.) On May 14, 2007, movant pled not guilty to the allegations in the superseding indictment. (ECF No. 44.)

Subsequently, on February 29, 2008, movant pled guilty to a second superseding indictment alleging he violated of 21 U.S.C. § 841(a)(1), by knowingly and intentionally distributing at least 5 grams of a mixture and substance containing a detectable amount of cocaine base, to wit: crack cocaine. (ECF Nos. 82, 84, 86.) More particularly, as a part of the plea, movant stipulated he was a career offender pursuant to §4B1.1 of the United States Sentencing Guidelines (USSG) for having "suffered a 2002 conviction for possessing cocaine base for sale in violation of California Health and Safety Code §11351.5, and a 1991 conviction for assault with a firearm on a person in violation of California Penal Code §245(A)(2)." (ECF No. 86 at 5-6.) On July 21, 2008, movant was sentenced to 188 months in prison. (ECF Nos. 84 & 95.)

On October 22, 2012, movant filed a pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 100.) Following referral to the Federal Defender by the court, the motion was withdrawn on November 16, 2012. (ECF Nos. 101 & 102.)

Movant filed the instant motion on June 24, 2016. (ECF No. 103.) On August 23, 2016, the government filed an opposition (ECF No. 111) and movant replied to that opposition on September 1, 2016 (ECF No. 112).

Following a brief stay requested by movant (ECF No. 113-115), the matter was submitted for decision without additional briefing on June 20, 2017 (ECF No. 116).

III.     Legal Standard

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, filed in the court that imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that the prisoner was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999) (citing 28 U.S.C. § 2255). Relief is

warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice …." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)).

IV.     Discussion

*Challenge to the Residual Clause in § 4B1.2(a) of the USSG*

Movant contends that the "identical residual clause" found to be unconstitutionally vague in Johnson is unconstitutional as it relates to the USSG at issue here. (ECF No. 103 at 2-5.)

In Johnson v. United States, 135 S. Ct. 2551, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the [Armed Career Criminal Act or ACCA] violates the Constitution's guarantee of due process," because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Id. at 2557, 2563. It found "[t]wo features of the residual clause conspire to make it unconstitutionally vague." Id. at 2557. First, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Id. Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Id. at 2558.

After Johnson, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held its Johnson decision announced a new substantive rule that retroactively applies to cases on collateral review.

Further, following the parties' briefing in this matter, the Supreme Court held that Johnson does not apply to challenges based upon the USSG. More particularly, in Beckles v. United States, 137 S. Ct. 886 (2017), the Court held that because the USSG are advisory in nature they are not subject to challenges for vagueness under the Due Process Clause. Id. at 894. The Court specifically held that § 4B1.2(a) is not void for vagueness. Id. at 895. See also, e.g., United States v. Hill, 915 F.3d 669, 673 (9th Cir. 2019) (movant's argument that the definition of "crime

of violence" in § 4B1.2(a) is vague is foreclosed by Beckles); United States v. Swanson, 744 F. App'x 527 (9th Cir. 2018) (same); United States v. Garcia, No. 2:14-cr-0294 MCE EFB P, 2018 WL 6065382, at *3 (E.D. Cal. Nov. 20, 2018) (same), rep. and reco. adopted, 2019 WL 246653 (E.D. Cal. Jan. 17, 2019).

Moreover, movant's argument that his prior California conviction for assault with a firearm[2] did not qualify as a "crime of violence" under the elements clause of § 4B1.2 (ECF No. 103 at 6-8) is also unpersuasive considering subsequent authority.

In United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1068 (9th Cir. 2018), the Ninth Circuit held that a conviction under California Penal Code § 245(a)(1)[3] "was categorically a crime of violence as defined in 18 U.S.C. § 16(a)." In so holding, it applied the categorial approach in Taylor v. United States, 495 U.S. 575 (1990) and expressly held the California crime of assault "requires an intentional use of force." Id. at 1065-68. And, like the appellant in Vasquez-Gonzalez (id. at 1067-68), movant "seizes on language regarding probability used by the California Supreme Court" in People v. Williams, 26 Cal.4th 779 (2001) to support his argument. (ECF No. 103 at 7-8.) Yet, as the Ninth Circuit recognized, the crime of assault in California "'requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against

---

[2] At the time of movant's conviction, the California statute read as follows:

> Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

[3] Subdivision (a)(1) of California Penal Code § 245 provides:

> Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding then thousand dollars ($10,000), or by both the fine and imprisonment.

5

another.'" Vasquez-Gonzalez, 901 F.3d at 1068. See also United States v. Solomon, 700 F. App'x 682 (9th Cir. 2017) (Ninth Circuit's holding in United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009) that a violation of § 245 "is categorically a crime of violence" under the elements clause not undermined by Johnson nor is it "clearly irreconcilable" with Descamps v. United States, 570 U.S. 254 (2013)). This same conclusion applies to movant's 1991 conviction for assault with a firearm.

In sum, because these issues have been decided against movant, the motion should be denied.[4] Davis v. United States, 417 U.S. at 346.

*Request for Certificate of Appealability*

In his reply to the government's opposition, movant asks this court to issue a certificate of appealability in the event his motion is denied. (ECF No. 112 at 23-24.)

Under 28 U.S.C. § 2253(c), a federal prisoner must seek and obtain a certificate of appealability to appeal the district court's denial of relief under § 2255. 28 U.S.C. § 2253(c)(1). A district judge may also issue a certificate of appealability. See Fed. R. App. P. 22(b); United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) ("district courts possess the authority to issue certificates of appealability in § 2255"). A "certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Considering the subsequent controlling authority addressing the issue raised by movant's appeal, a substantial showing of the denial of a constitutional right has not been made and the undersigned finds reasonable jurists would not debate the denial of movant's motion. Therefore, it is recommended the request be denied.

////

---

[4] Given these findings, the undersigned need not consider the government's procedural default argument. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (noting courts have discretion "to proceed to the merits if the result will be the same").

6

## V. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Movant's June 24, 2016, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-01432-WBS-KJN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 14, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mitc0078.257